IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **SPFM, L.P.** § | | |
| § | | |
| *Plaintiffs* § | | |
| § | **Civil Action No.: 5:20-cv-825** | |
| *v.* § | | |
| § | | |
| **ANTHONY CAULDER, LLC and** § | **Jury Trial Demanded** | |
| **ANTHONY CAULDER, an individual** § | | |
| § | | |
| *Defendant.* § | | |

## ORIGINAL COMPLAINT

SPFM, LP ("SPFM" or "Plaintiff") Plaintiff, brings this action against ANTHONY CAULDER, LLC and ANTHONY CAULDER, individually (unless otherwise specified, hereafter sometimes identified as "CAULDER" or "Defendants") for breach of contract, fraud, conspiracy to commit fraud, and further seeks redress of Defendants' violation of the Permanent Injunction of this Court of 25 January 2017, in the matter of SPFM, LP vs. Mario CAULDER, Cause No. SA-16-CV-00179XR.

### I.
#### JURISDICTION AND VENUE

1. The jurisdiction of this Court over the claims in this suit is founded, at least in part, upon 28 U.S.C. § 1332(a). Defendants have contractually stipulated to venue and jurisdiction for matters herein pled as to be in the Courts (federal or state) sitting in Bexar County, Texas. Venue is, upon information and belief, otherwise proper at least pursuant to 28 U.S.C. §1391(b).

Civil Action No.:  5:20-cv-825

## II.
## PARTIES

1.SPFM is a Texas Limited Partnership, with principle offices in San Antonio, Texas.

2.ANTHONY CAULDER, LLC is, on information and belief, a California limited liability company with a registered address of 13736 Starhill Lane, La Puenta, California 91746, and whose registered agent is Irene Caulder with an address of 13736 Starhill Lane, La Puenta, California 91746.  ANTHONY CAULDER, LLC is subject to the general and personal jurisdiction of this Court.

3.ANTHONY CAULDER, individually, is, on information and belief, a citizen and resident of the state of California, whose last known location, and place of service, is 3733 San Gabriel River Parkway; Suite C; Pico Rivera, California, 90660.  ANTHONY CAULDER is subject to the general and personal jurisdiction of this Court.

## III.
## FACTS

4.CAULDER, LLC. is party to the **"DON CHELADA" EXCLUSIVE LICENSE, DISTRUBUTION AND COMMISSION AGREEMENT** of October 9, 2014 ("EXCLUSIVE LICENSE" - a true and correct copy of which is attached hereto as Exhibit A"), SPFM is, and at all relevant times has been, the exclusive licensee of all brands, trade dress, trade secrets, knowhow related to michelada cups and related products (sometimes hereafter referenced, collectively as [and including "Products" as defined in the EXCLUSIVE LICENSE] "PRODUCTS"), and ANTHONY CAULDER individually agreed to be bound by such EXCLUSIVE LICENSE.

5. As between SPFM, on the one hand, and CAULDER (and any associated entities and persons), on the other hand, and pursuant to the EXCLUSIVE LICENSE",  SPFM became the exclusive entity  (including exclusive of CAULDER and any related entity or person) for utilizing and reaping the benefits of any right, knowledge, relationship or activity relating to the production, promotion, and sale of PRODUCTS.

6. Apart from SPFM's entry into the EXCLUSIVE LICENSE, there was no restriction, related in whole or in part to CAULDER, to SPFM's independently developing any michelada cup product.

7. Apart from SPFM's entry into the EXCLUSIVE LICENSE, there was no restriction, related in whole or in part to CAULDER, to SPFM's producing any PRODUCT.

8. Apart from SPFM's entry into the EXCLUSIVE LICENSE, there was no restriction, related in whole or in part to CAULDER, to SPFM's selling any independently developed PRODUCT, except as related to possible brand-related issues.

9. Had SPFM not entered the EXCLUSIVE LICENSE, SPFM could have developed and sold its own michelada cup product (and related products) without any needed consent or other involvement of, or with CAULDER (separately, or as part of any business entity).

10. SPFM entered into the EXCLUSIVE LICENSE, at least in part, to benefit from the reputation in the PRODUCTS-related marketplace of the partnership of which CAULDER was a part.

11. SPFM entered into the EXCLUSIVE LICENSE, at least in part, to benefit from CAULDER's and its/their knowledge of PRODUCT development, formulations, production and distribution.

12. SPFM entered into the EXCLUSIVE LICENSE to step into CAULDER's and its/their position in the marketplace relating to PRODUCTS.

13. The EXCLUSIVE LICENSE contractually placed SPFM in the same position as "Licensors" in the marketplace relating to PRODUCTS.

14. The EXCLUSIVE LICENSE provided, in part, that SPFM would step into, and replace "Licensor's" position in the marketplace relating to PRODUCTS, to the exclusion of "Licensor's" continued involvement (development, production, sale, distribution, promotion, and marketing) with PRODUCTS, except to the extent that such involvement furthered SPFM's like activities in relation to PRODUCTS, and only at SPFM's request..

15. In addition to being a party to the EXCLUSIVE LICENSE, CAULDER was directly involved in assisting (for additional compensation) SPFM in setting up and launching SPFM's business in selling PRODUCTS.

16. CAULDER, as part of "Licensor" of the EXCLUSIVE LICENSE made material representations to SPFM in connection with the formation and execution of, and payments made pursuant to, the EXCLUSIVE LICENSE.

17. At least in part, material representations by "Licensor", including CAULDER, to SPFM in connection with the formation and execution of, and payments made pursuant to, the EXCLUSIVE LICENSE were false, including but not limited to that CAULDER was not involved in, nor would be involved in the manufacturing or sale of any competing PRODUCTS.

18. At least in part, material representations by "Licensor", including CAULDER, to SPFM in connection with the formation and execution of, and payments made pursuant to, the EXCLUSIVE LICENSE were false, including but not limited to that CAULDER had no plans to be involved in the manufacturing or sale of any competing PRODUCTS.

19. At least in part, material representations by CAULDER to SPFM in connection with the formation and execution of, and payments made pursuant to, the EXCLUSIVE LICENSE were false, including but not limited to that, to the extent related to PRODUCTS, CAULDER's activities and efforts were directed solely to the advancement of SPFM's development and exploitation of a market for PRODUCTS.

20. In addition to proceeds realized from SPFM through funding of the EXCLUSIVE LICENSE, CAULDER received still further funds from SPFM, in part, as a result of additional representations and further assurances of the representations recited in preceding Paragraphs 16-20. CAULDER additionally represented and assured that he was, and would thereafter act, if at all, in relation to PRODUCTS, only at the instance of SPFM's requests, and only in furtherance of SPFM's development of its market for PRODUCTS.

21. SPFM relied, to its detriment and injury, upon the misrepresentations of CAULDER, in part enumerated in the preceding Paragraphs 16-20, and has suffered compensable injuries as a proximate result thereof.

22. SPFM recently discovered that CAULDER has secretly (as to SPFM) been producing and selling PRODUCTS in competition with SPFM.

23. CAULDER has been secretly (relative to SPFM) producing and selling PRODUCTS in breach of the EXCLUSIVE LICENSE, while receiving funds from SPFM pursuant to the EXCLUSIVE LICENSE.

23. CAULDER has caused SPFM to pay CAULDER from San Antonio, Texas at least $100,000.00 more than CAULDER (as "Licensor" under the EXCLUSIVE LICENSE) was entitled.

24.     CAULDER has been secretly producing in selling PRODUCTS in breach of the EXCLUSIVE LICENSE, in direct collaboration with MARIO FELIX.

25.     MARIO FELIX is a person who is enjoined from the very same activities of which SPFM accuses CAULDER in this action.

26.     CAULDER is aware, and has since its issuance been aware, of the above-referenced injunction, and CAULDER testified in this Court's hearings that led to the said injunction.

27.     CAULDER has repeatedly represented to SPFM in San Antonio, Texas that he has been working (in relation to PRODUCTS) to SPFM's benefit in compliance with, and solely pursuant to the terms of the LICENSE AGREEMENT, at times, specifically as a predicate to receiving further funds from SPFM.

28.     When confronted by SPFM concerning the above-described breaches and conspiratorial actions involving MARIO FELIX, CAULDER admitted to having been secretly producing in selling PRODUCTS in breach of the EXCLUSIVE LICENSE,

29.     When confronted by SPFM concerning the above-described breaches and conspiratorial actions involving MARIO FELIX, CAULDER admitted to having been secretly working with MARIO FELIX in competing with SPFM.

30.     When confronted by SPFM concerning the above-described breaches and conspiratorial actions involving MARIO FELIX, CAULDER indicated his regret in having not "made a better deal with SPFM", and that it was "not fair" to prevent him from continuing his and FELIX's competing activities.

31. CAULDER, on information and belief, is conspiring with additional, presently unknown third parties to complete with and to divert sales of PRODUCTS from SPFM to CAULDER and/or entities with which CAULDER is associated.

32. Further still, CAULDER, on information and belief, is conspiring with third parties (also having obligations to SPFM) to divert support of, and relationships with, sales professionals who promote and sell PRODUCTS for SPFM from SPFM to CAULDER and/or entities with which CAULDER is associated.

33. SPFM has not authorized, consented to, or otherwise acquiesced to CAULDER's activities as enumerated in the preceding paragraphs 22 - 32.

34. SPFM is presently being irreparably harmed by the actions of CAULDER and those acting in concert with CAULDER in the actions set forth in the preceding paragraphs 22 - 32, and SPFM has no adequate remedy at law to redress the damage done to its business as related to michelada cups and related PRODUCTS.

35. The balance of harms in granting an injunction against CAULDER and those acting in concert with CAULDER weights in SPFM's favor, only in part, because CAULDER (as well FELIX) willingly conveyed to SPFM, for substantial and on-going compensation, the rights to do that which SPFM will seeks to enjoin.

36. SPFM is more likely than not to prevail on its claims against CAULDER, only in part, because the rights and prohibitions of the parties to the EXCLUSIVE LICENSE (including as against CAULDER) are unambiguous and prohibit the actions currently being undertaken by CAULDER, at least as set forth in the preceding paragraphs 22 - 32.

Civil Action No.: 5:20-cv-825

## IV.
## CAUSES OF ACTION

### Count I – Breach of Contract

37. Plaintiff incorporates the preceding paragraphs 1 – 36 as if fully set forth herein.

38. CAULDER has materially breached its/their warranties and duties under the EXCLUSIVE LICENSE.

39. SPFM has suffered losses as a proximate cause of CAULDER's breaches.

40. SPFM is entitled to, and hereby demands, damages in compensation for SPFM's breach-of-contract-based injuries and losses in an amount not less than $100,000.00.

### Count II - – Fraud

41. Plaintiff incorporates the preceding paragraphs 1 – 40 as if fully set forth herein.

42. CAULDER, with intent to deceive, or with reckless disregard for the truth, defrauded SPFM, and SPFM has suffered injuries, both compensable, and without adequate remedy, as a proximate result thereof.

43. CAULDER's actions in furtherance of his fraud were of such wanton disregard for the truth, his legal obligations, and to the impact upon SPFM, that SPFM is entitled to, and hereby demands exemplary damages in an amount to be determined by the trier of fact.

44. SPFM is entitled to, and hereby demands, damages in compensation for SPFM's fraud-based damages, including enhanced damages if and as available at law.

### Count III - Civil Conspiracy

45. Plaintiff incorporates the preceding paragraphs 1 – 40 as if fully set forth herein.

46. CAULDER formed and has been an active agent in perpetuation of a civil conspiracy, over which count this Court has pendent jurisdiction.

47. As set forth above, there has been, involving CAULDER and at least MARIO FELIX: (1) a combination of two or more persons; (2) the persons have sought to accomplish an object or course of action; (3) the persons reached a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts have taken place in pursuance of the object or course of action; and (5) damages to SPFM have occurred as a proximate result.

48. SPFM is entitled to, and hereby demands, damages in compensation for SPFM's damages arising from CAULDER's conspiratorial actions as set forth above, including enhanced damages if and as available at law.

V.

**JURY TRIAL DEMAND**

49. Plaintiff hereby demands a trial by jury of all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SPFM, respectfully prays:

(a) That Defendant and each of its/their respective agents, servants, employees, parent and subsidiary entities, successors, and assigns, and all other persons in active concert and participation with Defendant, be preliminarily, and upon trial on the merits, permanently enjoined from the actions set forth in paragraphs 22 - 32 above.

(b) That Plaintiff's Motion for Preliminary Injunction, to be filed in due course, incorporated herein by reference upon subsequent filing, be heard and granted at the earliest possible time.

(c) That Defendants and those acting in concert with Defendants be preliminarily enjoined (and after trial or default) permanently enjoined from development, production,

promotion, sale, or participation with others in the development, production, promotion, or sale of PRODUCTS.

(e) That Defendant be required to account to Plaintiff SPFM for any and all profits, if any, derived by Defendant from the aforesaid misconduct, and for all damages sustained by Plaintiff SPFM by reason of said unlawful acts, and that, if further investigation yields facts which justify such a holding by this Court, that said damages be enlarged or enhanced as allowed by law.

(e) That SPFM be awarded exemplary damages in an amount to be determined by the trier of fact.

(f) That costs of this action be awarded to Plaintiff, SPFM, and

(g) That Plaintiff be granted such other and further relief as the Court deems proper and just.

Respectfully Submitted,

Gray Reed & McGraw LLP

DAVID G. HENRY, SR.
State Bar No. 09479355
900 Washington Ave.
Suite 800
Waco, Texas 76702
(254) 342-3000

(866) 593-1933 (Facsimile)
dhenry@grayreed.com

By: ___/s/ David G. Henry___
    DAVID G. HENRY, Sr.
    State Bar No. 09479355

**ATTORNEYS FOR SPFM, LP**